WESTERN DIST.
September, 1831.

LE BLANC ET ALS.
vs.
VICTOR ET ALS.

The plea of
prescription will
be considered
as contradicted,
when the same
party    alleges
they are propri-
etors in common
with the adverse
party.

---

## LE BLANC ET ALS. vs. VICTOR ET ALS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT.

Where claims are set up to certain lands which were granted and assigned by the Spanish government to the settlers at Nueva Iberia, for their use ; tradition and hearsay parole testimony is insufficient to establish their claim to the *locus in quo*, although their claim is upwards of thirty years standing.

Parole evidence has been admitted to prove the existence of a Spanish grant, when the evidence of the case showed an allotment of a certain specific quantity of land, separated by metes and bounds from the balance of the public domain, and assigned in full property and dominion, and possessed continuously for a considerable number of years.

This is an action of trespass for cutting timber in a cypress swamp near Nueva Iberia, which the plaintiffs allege includes lands belonging to them ; but to which the defendants also set up title.

The plaintiffs claim the cypress swamp, or double depth of forty arpents 242 $\frac{87}{100}$ acres, in virtue of an act of Congress, dated May 11th, 1820, ceding the back concessions or double depth to the front proprietors. They allege they have been confirmed in this claim under the government of the United States, and paid three hundred dollars as the price.

The plaintiffs further allege that the defendants have entered upon the land, and have cut, and are still cutting cypress timber. They pray for an injunction prohibiting further trespass, damages for the depredations already committed, and to be quieted in the possession of the lands and cypress swamp.

The defendants claim the lands in controversy as having been ceded more than thirty years ago, by the Spanish government to François Segura, *pere*, and other Spanish emigrants from Spain, in right of whom they claim that this cypress swamp in the Isle Pivit, was granted by the Spanish government in community to the Spanish settlers, with the full privilege to cut and carry away cypress timber for their common use and benefit. They invoke the prescription of ten, twenty and thirty years in aid of their title.

The plaintiffs had judgment for the land, to be quieted in the possession, and three hundred and ninety dollars in damages and interest. An appeal was taken from that judgment and the cause remanded. See 6 *Martin*, *N. S.* 253.

The case has again been tried by a jury, and the same verdict and judgment. The defendants relied on parole testimony and of the common report and general understanding that had prevailed for upwards of thirty years, that the Spanish government had set apart the land or cypress swamp in controversy to these defendants, and those under whom they claim. There was no written title produced.

*Brownson* and *Simon*, for the plaintiffs.

1. The defendants have no written title whatever to the property in dispute. They have attempted to prove their title by parole. But in this they have failed; they have not proven

that their ancestors had ever been put in possession by metes and bounds of any part of the king's domain.

2. The defendants have not shown possession sufficient to acquire a title by prescription. 11 *Martin*, 207. 6 *Martin*, *N. S.* 253.

*Bowen*, for defendants, argued:

1. That the defendants could prove by parole testimony that their ancestors and those under whom they claim the cypress swamp in question had it assigned to them by the Spanish government. This fact they proved by the best evidence the case admitted.

2. He contended that the testimony in this case was legal, although it depended a great deal on general reputation, but is accompanied by long and continuous possession. 1 *Starkie* 53—66.

*Mathews, J.* delivered the opinion of the Court.

In this case the plaintiffs claim to be quieted in their possession and exclusive enjoyment of the profits of a certain cypress swamp, described in the petition, to which they set up title by purchase from the United States, and demand damages from the defendants as trespassers, &c.

This cause was before this court at September term, 1827, on an appeal taken by the defendants, and was sent back to the District Court with directions to the judge *a quo*, to allow parole evidence of the assignment of the *locus in quo*, as a common to the settlers of Nueva Iberia or Lake Tass, to whom the land had been appropriated by the Spanish government, &c. On the return of the suit to the court below it was again submitted to the jury, who, after hearing the parole evidence as required by the judgment of the Supreme Court, found a verdict for the plaintiffs, and assessed the damages to the amount of three hundred and ninety dollars, against the defendants as trespassers; on which judgment was rendered, and they took the present appeal.

The greater part of the evidence adduced by the appellants, on the last trial in the District Court, in support of the alleged

WESTERN DIST.
*September,* 1831.
LE BLANC ET ALS.
*vs.*
VICTOR ET ALS.

grant or assignment to their use, of the *locus in quo* by the proper authorities of the then sovereign of this country, consists of tradition or hearsay. This species of testimony we are of opinion is not legal in the present case, according to the developments of all its circumstances; and as it was regularly opposed by bills of exceptions, must be excluded from our consideration of the cause. It is an attempt to prove a grant by parole evidence of the weakest kind, and that which is admissible only in special cases, not in any manner similar to the present, according to our understanding of the law, cited by the counsel for the defendants. 1 *Starkie on Evidence,* 53—66.

This case is not embraced by the doctrine laid down in that of *Sanchez* vs. *Gonzales et als.* 11 *Martin,* 207.

In that case the evidence showed an allotment of a certain and specific quantity of land, separated by metes and bounds from the balance of the public domain, assigned to the ancestor of the plaintiff in full property and dominion, and by him possessed continually for a considerable number of years. None of these facts, which are all important to establish a grant by *parole* from the sovereign power of a state, are manifested by legal evidence in the cause now under consideration.

In this view of the case the judgment of the District Court ought to be affirmed with costs. But the judge *a quo,* erred in allowing interest on the amount of his judgment; consequently it must be reversed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, annulled and reversed, so far as it accords interest on the sum adjudged: And it is further ordered, adjudged and decreed, that it be affirmed in all other respects: The appellees to pay the costs of the appeal; and those of the court below to be borne by the defendants and appellants.

*Where claims are set up to certain lands which were granted & assigned by the Spanish government to the settlers at Nueva Iberia, for their use; tradition & hearsay parole testimony is insufficient to establish their claim to the locus in quo, although their claim is upwards of thirty years standing.*

*Parole evidence has been admitted to prove the existence of a Spanish grant, when the evidence of the case showed an allotment of a certain specific quantity of land separated by metes and bounds from the balance of the public domain, and assigned in full property & dominion, and possessed continuously for a considerable number of years.*